UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
CITY OF WESTLAND POLICE AND FIRE
RETIREMENT SYSTEM, On Behalf of Itself
and All Others Similarly Situated,

                Plaintiff,

   - against -                        12 Civ. 1353
                                      ORDER

SAIC, INC., et al.,

                Defendants.
------------------------------------X
LOCALS 302 AND 612 OF THE INT'L UNION
OF OPERATING ENGINEERS-EMPLOYERS
CONSTRUCTION INDUSTRY RETIREMENT FUND et al.,
On Behalf of Themselves and All Others
Similarly Situated,

                Plaintiffs,

   - against -                        12 Civ. 3185
                                      ORDER

SAIC, INC., et al.,

                Defendants.
------------------------------------X

DEBORAH A. BATTS, United States District Judge.

    Now pending before the Court is a Motion filed by the Indiana Public Retirement System, Indiana State Teachers' Retirement Fund and Indiana Public Employees' Retirement Fund (the "Indiana Retirement System") to consolidate, appoint a Lead Plaintiff, and select Lead Counsel in the two above-captioned securities fraud class action lawsuits against SAIC, Inc. and a number of its directors and officers (collectively, "SAIC" or "Defendants"). The class actions allege claims under § 10(b), Rule 10b-5, and § 20(a) of the Exchange Act of 1934 ("Exchange

1

Act"). For the reasons set forth herein, the Indiana Retirement System's Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel is GRANTED.

## I. BACKGROUND

SAIC focuses its business on providing defense, intelligence, homeland security, logistics, energy, environment, and health solutions and services to federal, state, and local government agencies, foreign governments, and commercial customers. The Complaints allege that during the period between April 11, 2007 and September 1, 2011 (the "Class Period"), Defendants issued materially false and misleading statements regarding SAIC's financial performance and future prospects. Specifically, Plaintiffs allege that Defendants misrepresented and/or failed to disclose: (a) that SAIC had overbilled New York City hundreds of millions of dollars on the CityTime Project, a project associated with the modernization of New York City's employee payroll system, over a multi-year period; (b) that as a result of SAIC's known, but undisclosed, overbilling practices, its operating results during the Class Period were materially misstated; (c) that SAIC's overbilling practices subjected the Company to numerous undisclosed risks, including monetary risks and reputational risks, particularly because government agencies are SAIC's primary customers; (d) that, as a result of the foregoing, SAIC violated applicable accounting standards associated with the recognition of revenue and the disclosure and

accounting for loss contingencies; (e) that the Company's financial statements were not fairly presented in conformity with generally accepted accounting principles and were materially false and misleading; (f) that certifications issued by Kenneth C. Dahlberg and Mark W. Sopp associated with the Company's internal and disclosure controls were materially false and misleading; and (g) that, based on the foregoing, Defendants lacked a reasonable basis for their positive statements about the Company and its business and prospects.

Four putative class members or groups of putative class members moved the Court for appointment as Lead Plaintiff and to appoint their choice of Lead Counsel pursuant to § 21D(a)(3)(B) of the Exchange Act, as amended by the Private Securities Litigation Reform Act ("PSLRA"). However, three of the four would-be Lead Plaintiffs have, in the course of motion practice, withdrawn their Motions for appointment and instead have chosen to support the Motion filed by the fourth would-be Lead Plaintiff, the Indiana Retirement System.[1] The Indiana Retirement System also moves to consolidate the two class actions pursuant to Federal Rule of Civil Procedure 42(a).

---

[1] On April 27, 2012, Electrical Workers Pension Fund, Local 103, I.B.E.W. ("Local 103") withdrew its motion. (Docket # 27.) On April 30, 2012, KBC Asset Management NV, LRI Invest S.A. and the Sheet Metal Workers' National Pension Fund (collectively, the "Institutional Investors") and the City of Austin Police Retirement System ("Austin") both filed notices of non-opposition to the Indiana Retirement System's motion. (Docket ## 28, 29.)

## II. DISCUSSION

A. Consolidation

Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary costs or delay." Fed. R. Civ. P. 42. In such instances, district courts have "broad discretion to determine whether consolidation is appropriate," and they "have taken the view that considerations of judicial economy favor consolidation." Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2d Cir. 1990). "[S]o long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate." Pinkowitz v. Elan Corp., PLC, No. 02 Civ. 865, 2002 WL 1822118, at *2 (S.D.N.Y. July 29, 2002) (quoting Primavera Familienstiftung v. Askin, 173 F.R.D. 115, 129 (S.D.N.Y. 1997)).

The two pending class actions share common questions of law and fact. Both Complaints assert claims under Section 10(b), Rule 10b-5, and Section 20(a) of the Exchange Act. In addition, each action is predicated upon the same alleged misstatements and disclosures. While "district courts have 'broad discretion' in determining the propriety of consolidation, this Court has recognized that consolidation is particularly appropriate in the context of securities class actions if the complaints are 'based on the same public statements and reports." Glauser v. EVCI Career Colleges Holding Corp., No. 05 Civ. 10240, 2006 WL

4

1302265, at *1 (S.D.N.Y. May 9, 2006).

Furthermore, it does not appear that any of the parties to these actions would be prejudiced by consolidation. Accordingly, the Court finds that consolidation of the two above-captioned actions is appropriate to promote judicial efficiency and to avoid unnecessary cost and delay. The consolidated class shall consist of all purchasers of the common stock of SAIC, Inc. from April 11, 2007 and September 1, 2011.

B. Motion to Appoint Lead Plaintiff

The PSLRA requires plaintiffs filing a private securities class action complaint to publish notice of the pendency of the suit in a widely circulated business publication or wire service no later than twenty days after the complaint is filed. 15 U.S.C. § 78u-4(a)(3)(A)(i). No later than sixty days after the publication of notice, any member of the purported class may file a motion to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). If a motion for consolidation has been made, the Court shall not appoint a lead plaintiff "until after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

> In addition, the PSLRA provides that:
>
> > [T]he court . . . shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as

5

the "most adequate plaintiff") . . . .

15 U.S.C. § 78u-4(a)(3)(B)(i).

A rebuttable presumption directs the court's inquiry when appointing lead plaintiff under the PSLRA. The PSLRA provides that the most adequate plaintiff is the person or group of persons which:

> (aa) has <u>either</u> filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added).

This presumption, however, may be rebutted upon proof offered by another member of the purported class "that the presumptively most adequate plaintiff -- (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The Indiana Retirement System (i) timely filed a motion; (ii) has the largest financial interest in the relief sought by the class (having suffered losses of $2,043,252.40); and (iii) satisfies Federal Rule of Civil Procedure 23. No party opposes the Indiana Retirement System's Lead Plaintiff Motion. Accordingly, the Indiana Retirement System is the "most adequate plaintiff" under the PSLRA.

C. Appointment of Lead Counsel

The PSLRA provides that the Lead Plaintiff "shall, subject to approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

The Indiana Retirement System has selected the law firm of Robbins Geller Rudman & Dowd LLP to serve as Lead Counsel for the Class. The Court finds that the Indiana Retirement System's choice of counsel is qualified to prosecute this securities class action. Accordingly, this Court approves the Indiana Retirement System's selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel.

### III. CONCLUSION

Having considered the consolidation of the above-captioned actions pursuant to Federal Rule of Civil Procedure 42(a) and the Motion for Appointment of Lead Plaintiff and Lead Counsel pursuant to the PSLRA, IT IS HEREBY ORDERED THAT:

1. The above-captioned actions are hereby consolidated for all purposes, including pretrial proceedings, trial, and appeal, pursuant to F.R.C.P. 42(a);

2. The caption of these consolidated actions shall be "*In re SAIC, Inc. Securities Litigation*" and the files of these consolidated actions shall be maintained in one file under Master

File No. 12 Civ. 1353. Any other actions now pending or later filed in this district which arise out of or are related to the same facts as alleged in the above-identified case shall be consolidated for all purposes, if and when they are brought to the Court's attention.

3. Every pleading filed in the consolidated actions or in any separate action included herein, shall bear the following caption:

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
In re SAIC, INC                     :      12 Civ. 1353
SECURITIES LITIGATION               :
------------------------------------X
This Document Relates To:           :
                                    :
------------------------------------X
```

4. When a pleading is intended to be applicable to all actions governed by this Order, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption set out above. When a pleading is intended to be applicable to only some, but not all of the consolidated actions, this Court's docket number for each individual action to which the pleading is intended to be applicable and the last name of the first-named plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption described above.

5. When a pleading is filed and the caption shows that it

8

is applicable to "All Actions," the clerk shall file such pleading in the Master File and note such filing on the Master Docket.  No further copies need to be filed, and no other docket entries need be made.

When a pleading is filed and the caption shows that it is to be applicable to fewer than all of the consolidated actions, the Clerk will file such pleading in the Master File only, but shall docket such filing on the Master Docket and the docket of each applicable action.

6.   The Court directs counsel to bring to the attention of the Clerk of Court the filing or transfer of any case that should be consolidated as part of <u>In re SAIC, Inc. Securities Litigation</u>.

7.   The Indiana Retirement System's Motion for Appointment as Lead Plaintiff is GRANTED.

8.   The law firm of Robbins Geller Rudman & Dowd LLP is appointed to serve as Lead Counsel.

9.   Lead Plaintiff shall file a Consolidated Complaint in the consolidated class action within 30 days of the date of this Order.

10.  The Defendants shall move or answer within 21 days after filing of the Consolidated Complaint.

SO ORDERED.

Dated:    New York, New York
          June 14, 2012

                                    _____
                                         DEBORAH A. BATTS
                                    United States District Judge