**GIBSON DUNN**

**MEMO ENDORSED**



Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Jason R. Meltzer
Direct: +1 202.955.8676
Fax: +1 202.530.9514
JMeltzer@gibsondunn.com

October 15, 2013



VIA ECF

Hon. Deborah A. Batts
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *In re SAIC, Inc. Securities Litigation*, No 12-cv-01353-DAB (S.D.N.Y.)

Dear Judge Batts:

We represent Defendant Leidos Holdings, Inc. (formerly SAIC, Inc.) ("SAIC") in this action and write pursuant to this Court's Individual Rule II.B.1 to request a pre-motion conference on SAIC's anticipated motion for an extension of time to respond to Plaintiffs' Amended Class Action Complaint or any further amended complaint (the "Complaint"). SAIC intends to move this Court for an order pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) extending the deadline for it and other defendants (if applicable) to answer or otherwise respond to the Complaint until thirty (30) days after the later of: (1) the deadline for Plaintiffs to file a further amended complaint; or (2) the date of the Court's ruling on SAIC's motion for partial reconsideration (ECF Nos. 100, 101).

On September 30, 2013, this Court issued a Memorandum and Order (the "Order") granting in part and denying in part motions to dismiss Plaintiffs' Amended Class Action Complaint. The Order granted Plaintiffs leave to amend certain limited claims, and directed that any "amended complaint shall be filed within forty-five days" of the Order. Order at 42. Today, SAIC moved for partial reconsideration of the Order. SAIC believes that the remaining claims should be dismissed with prejudice and that the deadline for responding to the Complaint will therefore become moot.

Nonetheless, to avoid confusion regarding the responsive pleading deadline, counsel for SAIC has conferred in good faith with lead plaintiffs' counsel about a proposed stipulation regarding the deadline for answering or otherwise responding to the allegations, based on the possibilities that Plaintiffs will amend them or elect not to do so. Although the parties have engaged in productive discussions for more than a week, the parties did not reach agreement on a stipulation.

Beijing · Brussels · Century City · Dallas · Denver · Dubai · Hong Kong · London · Los Angeles · Munich · New York · Orange County · Palo Alto · Paris · San Francisco · São Paulo · Singapore · Washington, D.C.

**MEMO ENDORSED**

**GIBSON DUNN**

**MEMO ENDORSED**

Hon. Deborah A. Batts
October 15, 2013
Page 2

DENIED.
DAB
10/17/13

    Setting the deadline for responding to the Complaint after the Court's ruling on the motion for reconsideration and Plaintiffs' amendment deadline will conserve the parties' resources by clarifying that no defendant is under an obligation to respond to a pleading that might be amended or dismissed. No party will suffer any prejudice from the requested extension, and this will be the first request by any party for an extension of the deadline to respond to the Complaint, as modified by the Order.

    Accordingly, SAIC respectfully requests that the Court schedule a pre-motion conference on its anticipated motion to extend the deadline to answer or otherwise respond to the Complaint. Alternatively, should the Court decide that a pre-motion conference or briefing on a motion is not necessary, SAIC respectfully requests that the Court extend the response deadline for all defendants (to the extent applicable) until thirty (30) days after either: (1) the deadline for Plaintiffs to file an amended complaint; or (2) the Court's decision on SAIC's motion for partial reconsideration, whichever is later.

Respectfully submitted,

*Jason R. Meltzer*
Jason R. Meltzer

cc: Counsel for all parties (*via ECF*)

SO ORDERED
*Deborah A. Batts*
DEBORAH A. BATTS
UNITED STATES DISTRICT JUDGE
10/17/13


MEMO ENDORSED