UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- x
IN RE SAIC, INC. SECURITIES : Civil Action No. 1:12-cv-01353-DAB
LITIGATION :
: CLASS ACTION
:
---------------------------------------- :
: DECLARATION OF JOSEPH RUSSELLO IN
This Document Relates To: All Actions : SUPPORT OF LEAD PLAINTIFFS' MOTION
: TO VACATE OR FOR RELIEF FROM THE
: JUDGMENT AND FOR LEAVE TO AMEND
:
---------------------------------------- x

Joseph Russello, pursuant to 28 U.S.C. §1746, declares as follows under penalty of perjury:

1. I am an attorney duly licensed to practice before this Court and am a partner with the law firm of Robbins Geller Rudman & Dowd LLP, Lead Counsel in this matter and counsel for Lead Plaintiffs Indiana Public Retirement System, Indiana State Teachers' Retirement Fund and Indiana Public Employees' Retirement Fund ("Plaintiffs"). I make this declaration based on personal knowledge.

2. I respectfully submit this declaration in support of Plaintiffs' motion: (i) pursuant to Fed. R. Civ. P. 59(e) and 60(b)(1), (2) and (6), to vacate and/or obtain relief from the Judgment, entered February 4, 2014 [Dkt. #123], which dismissed this action and denied leave to amend to the extent set forth in the September 30, 2013 Memorandum and Order [Dkt. #97], and the January 30, 2014 Memorandum and Order [Dkt. #121]; and (ii) pursuant to Fed. R. Civ. P. 15(a)(2), for leave to amend and file the [Proposed] Second Amended Class Action Complaint for Violations of the Federal Securities Laws, together with such other relief as the Court deems appropriate. Annexed hereto are the exhibits referenced in the accompanying Memorandum of Law in support of this motion.

3. Annexed as <u>Exhibit 1</u> is a true and correct copy of Plaintiffs' [Proposed] Second Amended Class Action Complaint for Violations of the Federal Securities Laws ("SAC").

4. Annexed as <u>Exhibit 2</u> is a true and correct copy of Statement of Financial Accounting Standards No. 5, issued by the Financial Accounting Standards Board.

5. Annexed as <u>Exhibit 3</u> is a true and correct copy of a December 20, 2010 article published by *The New York Daily News*, entitled "Mayor Bloomberg On CityTime Payroll System Scandal: It Won't Happen Again," which contains the following quote from New York City Mayor Michael R. Bloomberg:

> We've determined, we're determining what future role SAIC can have on the project and which SAIC employees can have a role in it. We're reviewing potential options for a forensic auditor to evaluate all payments made in relationship to this, in relation to this project, with a goal of recouping any funds that are outside of the DOJ-DOI investigation.

6. Annexed as <u>Exhibit 4</u> is a true and correct copy of a December 22, 2010 article published by Crain's New York Business, entitled "Bloomberg nixes contract for CityTime developer," which reported, in pertinent part, as follows:

> The Bloomberg administration is backing out of a $40 million contract it had decided earlier this year to give to Science Applications International Corp., the lead software developer in the scandal-rocked CityTime payroll project, a spokesman for the mayor told *Crain's* Wednesday.
>
> SAIC was selected in March to upgrade the Department of Sanitation's computer systems, but the deal was put on hold by the city. The decision to withdraw the deal comes a day after state Comptroller Thomas DiNapoli canceled a $118 million SAIC contract awarded by the Metropolitan Transportation Authority to upgrade its radio systems.

7. Annexed as <u>Exhibit 5</u> is a true and correct copy of email communications on December 18 and 19, 2013, with the subject line "Rule 16 / Discovery Dispute Conference." The communications reflect attempts to schedule the conference on January 2, 2014 and confirmation that the conference would go forward on January 9, 2014. I attended the conference on that date.

8. At the January 9, 2014 conference in Chambers, the Court declined to discuss discovery scheduling matters and elected to entertain discussion on the then-pending reconsideration motion filed by defendant SAIC, Inc. (now known as Leidos Holdings, Inc.).

9. Although I discussed certain information gleaned from the transcripts of the criminal trial in *United States of America v. Mazer, et al.*, No. 1:11-cr-00121-GBD (S.D.N.Y.) ("*Mazer*"), Plaintiffs did not make any written submission concerning those and various other relevant facts (now set forth in the SAC), and believed it was unnecessary to do so because the Court had not yet decided the motion adversely to them.

10. Annexed as Exhibit 6 is a true and correct copy of the December 14, 2010 Complaint filed in *Mazer* and referenced in the SAC.

11. Annexed as Exhibit 7 is a true and correct copy of the February 10, 2011 Indictment filed in *Mazer* and referenced in the SAC.

12. Annexed as Exhibit 8 is a true and correct copy of the May 26, 2011 Complaint filed in *United States of America v. Denault* and referenced in the SAC.  Exhibit A to this document, which is the February 10, 2011 Indictment, is omitted because it is attached hereto as Exhibit 7.

13. Annexed as Exhibit 9 is a true and correct copy of the June 15, 2011 Superseding Indictment, docketed on June 17, 2011 in *Mazer* and referenced in the SAC.

14. Annexed as Exhibit 10 is a true and correct copy of the March 8, 2012 Deferred Prosecution Agreement between SAIC and the United States Attorney's Office for the Southern District of New York  with the following exhibits annexed thereto:

        Exhibit A – Resolution of SAIC's Board of Directors.

        Exhibit B – Information (Conspiracy Charge) filed against SAIC.

        Exhibit C – Statement of Responsibility by SAIC.

      <u>Exhibit D</u> – Releases, dated March 9, 2012, SAIC to the City of New York ("City"), and from the City to SAIC.

    I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on March 4, 2014, in Melville, New York.

                                                  */s/ Joseph Russello*
                                                  JOSEPH RUSSELLO

## CERTIFICATE OF SERVICE

I, Samuel H. Rudman, hereby certify that on March 4, 2014, I caused a true and correct copy of the attached DECLARATION OF JOSEPH RUSSELLO IN SUPPORT OF LEAD PLAINTIFFS' MOTION TO VACATE OR FOR RELIEF FROM THE JUDGMENT AND FOR LEAVE TO AMEND to be served electronically on all counsel registered for electronic service for this case.

                                               */s/ Samuel H. Rudman*
                                               SAMUEL H. RUDMAN