UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X

In Re SAIC, Inc. SECURITIES
LITIGATION

                                    12 Civ. 1353 (DAB)
                                    <u>MEMORANDUM AND ORDER</u>


--------------------------------X

DEBORAH A. BATTS, United States District Judge.

    Plaintiffs Indiana Public Retirement System, Indiana State

Teachers' Retirement Fund, and Indiana Public Employees'

Retirement Fund, on behalf of themselves and other similarly

situated investors, ("Plaintiffs") commenced a putative class

action pursuant to Section 10(b), 15 U.S.C. § 78j(b), and Section

20(a), 15 U.S.C. § 78(t), of the Securities Exchange Act of 1934

(the "Exchange Act").  On September 30, 2013, having considered

support and opposition papers related to Defendant SAIC's ("SAIC"

or "Defendant")[1] and Individual Defendants'[2] Motions to Dismiss,

the Court issued an Order ("September 2013 Order") concluding

that the Amended Class Action Complaint ("Complaint") largely

failed to meet the heightened pleading standard of Rule 9(b) and

---

[1] Following a spin-off transaction, Defendant SAIC, Inc. changed its name to
Leido Holdings, Inc. <u>In re SAIC, Inc.</u>, No. 12 Civ. 1353, 2014 U.S. Dist. LEXIS
13629, at *4 n. 1 (S.D.N.Y. Jan. 30, 2014).  For the purposes of this action
and the sake of consistency, however, the Court will to refer to it as SAIC.

[2] Individual Defendants included Kenneth C. Dahlberg, Walt Havenstein, Mark W.
Sopp, Deborah H. Alderson, and Gerard Denault.

the PSLRA. See In re SAIC, Inc., No. 12 Civ. 1353, 2013 U.S.
Dist. LEXIS 142606, at *4 (S.D.N.Y. Sept. 30, 2013).  The Court,
therefore, granted in part and denied in part the Motions to
Dismiss, dismissing all of Plaintiffs' Section 10(b) claims with
the exception of those Generally Accepted Accounting Principles
("GAAP") claims related to SAIC's March 2011 Form 10-K
statements.[3] Id.  The Court also dismissed the Section 20(a)
claims against Individual Defendants. Id.

On October 16, 2013, Defendant filed a Motion to Reconsider
pursuant to Local Rule 6.3, (ECF No. 104, 105), and Plaintiffs
filed their Opposition to the Motion. (ECF No. 108.)  On December
2, 2013, while the Motion to Reconsider was pending, SAIC filed
an Answer to the Complaint. (ECF No. 112.)  The Court, in a
January 30, 2014 Opinion (the "January 2014 Order"), granted
Defendant's Motion to Reconsider its September 30, 2013 Opinion,
and dismissed the Complaint with prejudice. In re SAIC, Inc., No.
12 Civ. 1353, 2014 U.S. Dist. LEXIS 13629 (S.D.N.Y. Jan. 30,
2014).  The Clerk of the Court entered Judgment for Defendants on

---

[3] In the September 2013 Order, the Court granted Plaintiffs leave to amend the
Section 10(b) claims based on the Company's March 2011 GAAP and internal
control statements, as well as the corresponding Section 20(a) claim against
all Individual Defendants except Denault. In re SAIC, Inc., 2013 U.S. Dist.
LEXIS 142606, at *50-51.  Plaintiffs failed to do so and, thus, those claims
were ultimately dismissed with prejudice. In re SAIC, Inc., No. 12 Civ. 1353,
2014 U.S. Dist. LEXIS 13629, at *3 n.3.

the following day. (ECF No. 123.)[4]

On March 4, 2014, Plaintiffs filed a Motion to Vacate and/or Obtain Relief from the Judgment pursuant to Fed. R. Civ. P. 59(e) and 60(b)(1),(2),(6), as well as a Motion for Leave to File the Proposed Second Amended Class Action Complaint ("SACAC"), which they submitted as an exhibit to a declaration in support of the Motion. (ECF No. 124, 125, 126, Ex. 1.)  Defendant opposed the Motions in a timely manner. (ECF No. 130, 131.)  For the reasons stated herein, Plaintiffs' Motions are DENIED.

I. BACKGROUND

The instant Motion arises in a closed case in which Plaintiffs brought action against former SAIC employees and others.  The Complaint alleged that Defendant was responsible for the fraudulent over-billing of the City of New York, then a client of SAIC, under a contract for the development of a web-based employee time-keeping system called "CityTime."  The September 2013 Order describes in detail the facts leading up to the filing of the action, and they will not be repeated here.

---

[4] Plaintiffs note that they wrote the Court to request a delay of entry of Judgment. (Pls.' Mem. Law at 10 n. 11; ECF No. 122.)  However, they have provided no support to suggest that such a request should or could be granted so as to permit them to "consider the Order and decide whether a request for review by the Court is appropriate." (ECF No. 122.)  Even more, the instant motion was filed on March 4, 2014, 18 days beyond their February 14, 2014 requested date for entry of judgment. (ECF No. 122, 124.)

II. DISCUSSION

A. Legal Standard for a Motion to Reconsider

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); . . . or any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1),(2),(6);[5] see Smith v. City of New York, No. 12 Civ. 8131, 2014 U.S. Dist. LEXIS 78475, *5-6 (S.D.N.Y. June 9, 2014)(citing Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992))("While there are no formal guidelines, courts have recognized four basic grounds on which a motion for reconsideration may be granted: the need to prevent manifest

-------------------------------------------------

[5] Though Plaintiffs also file their Motion pursuant to Fed. R. Civ. P. 59(e), such "[a] motion . . . must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Clerk of the Court entered the Judgment in this case on January 31, 2014, (ECF No. 123), but Plaintiffs did not file their Motion until March 4, 2014. (ECF No. 124.) Rule 59(e) makes it abundantly clear that Plaintiffs' Motion, which was filed 32 days after entry of Judgment, is untimely. On that basis alone, the Court will not consider the Motion as if made pursuant to that Rule, but "construe[s] [the] motion as brought under Federal Rule of Civil Procedure 60(b)." Shechet v. Doar, 518 Fed. App'x 26, 27 (2d Cir. 2013); see Schlafman v. State Univ. of N.Y., 541 Fed. App'x 91, 92 (2d Cir. 2013)(citing Fed. R. Civ. P. 60(c))("A Rule 60(b) 'must be made within a reasonable time,'" and if made "'for reasons [set out in Fed. R. Civ. P. 60(b)] (1), (2), and (3), no more than a year after the entry of the judgment or order or the date of the proceeding.")

injustice, the need to correct errors of law or fact, the availability of new evidence, or an intervening change in controlling law."). Furthermore, "[t]he standard for granting motions pursuant to Rule 60(b) is 'strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked —— matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" Schlafman v. State Univ. of N.Y., 541 Fed. App'x 91, 92 (2d Cir. 2013)(citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). "Motions under Rule 60(b) are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." Xiu Feng Li v. Hock, 371 Fed. App'x 171, 175-76 (2d Cir. 2010)(citing Mendell ex rel Viacom Inc. v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990)).

A Rule 60(b) Motion, however, is not one in which a party may reargue "those issues already considered when a party does not like the way the original motion was resolved," In re Houbigant, Inc., 914 F. Supp. 997, 1001 (S.D.N.Y. 1996), and the Court will deny a motion that "seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257. Nor may "[a] movant . . . raise on a motion for reconsideration any matter that it did not raise previously to the court on the underlying

motion sought to be reconsidered." Newton v. City of New York, No. 07 Civ. 6211, 2009 U.S. Dist. LEXIS 104775, at *3 n.5 (S.D.N.Y. Nov. 10, 2009)(citing Comprehensive Habilitation Servs., Inc., 233 F.R.D. 355, 361 (S.D.N.Y. 2005).  While the Court may grant a 60(b) Motion as a means "to correct a clear error or prevent manifest injustice," Montalvo v. United States, No. 11 Civ. 6864, 2013 U.S. Dist. LEXIS 82082, at *3 (S.D.N.Y. June 11, 2013) (quoting Banco de Seguros Del Estado v. Mutual Marine Offices, Inc., 230 F. Supp. 2d 427, 428 (S.D.N.Y. 2002)), "the court must not allow a party to use the motion to reargue as a substitute for appealing from a final judgment." Davis v. Gap, Inc., 186 F.R.D. 322, 324 (S.D.N.Y. 1999)(citations omitted); House v. Sec'y of Health & Human Serv., 688 F.2d 7, 9 (2d Cir. 1982)(citing Eutectic Corp. v. Metco, Inc., 597 F.2d 32, 34 (2d Cir. 1979)("the rule is not to be used as a substitute for appeal . . . ."). Therefore, the Court will adhere to the strict standard to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Banco de Seguros del Estado, 230 F. Supp. 2d at 428 (citing Carolco Pictures, Inc. v. Sirota, 700 F. Supp. 169, 170)(S.D.N.Y. 1988).

B. Plaintiffs' New Evidence and Other Contentions

Plaintiffs suggest that the Court should consider "new evidence," which consists of information drawn from the trial in United States of America v. Mazer, et al., No. 11 Cr. 121 (S.D.N.Y.) and Appendix A to SFAS No. 5. (Pls.' Mem. Law at 1, 10-11, 22; SACAC ¶ 43, 143, 149, 215, 342.)  "In order to successfully vacate a judgment based on 'new evidence' pursuant to Rule 60(b)(2), however, plaintiffs must present evidence that is 'truly newly discovered or . . . could not have been found by due diligence.'" Friedline v. N.Y. City Dep't of Educ., No. 06 Civ. 1836, 2008 U.S. Dist. LEXIS 106498, *15 (S.D.N.Y. Dec. 31, 2008)(citing United States v. Potamkin Cadillac Corp., 697 F.2d 491, 493 (2d Cir. 1983)).  "Thus, evidence that was in plaintiffs' possession before judgment was rendered is not 'newly discovered,' and does not entitle plaintiffs to relief." Friedline, 2008 U.S. Dist. LEXIS 106498 at *16 (citing Potamkin Cadillac Corp., 697 F.2d at 493).

Here, Plaintiffs acknowledge that the trial ended on November 22, 2013, but they make no assertion that they opposed Defendant's Motion to Reconsider based on the information elicited from trial. (Pls.' Mem. Law at 22.)  Quite to the contrary, Plaintiffs indicate that "[b]ecause the Court had not yet decided that motion adversely to Plaintiffs, it was not

7

necessary or appropriate for them to seek leave to amend or place before the Court additional allegations to substantiate the surviving SFAS 5 and Item 303 claims." (Pls.' Mem. Law at 22.) This "wait and see" approach is curious, given that the Court had already dismissed the bulk of Plaintiffs' claims.  Plaintiffs then make the assertion, without support, that "transcripts were not readily available" before the issuance of the January 2014 Order. (Pls.' Reply Mem. Law at 8.)  Even if the Court found that the trial materials supported Plaintiffs' allegations, which it does not, they would not constitute new evidence.

Plaintiffs also invoke Appendix A to SFAS No. 5 to support their assertion that because "SAIC has admitted it had approximately $40 million in outstanding receivables," there should have been a reported loss contingency. (Pls.' Mem. Law at 11)(emphasis in original).  As an initial matter, the Court considered, and indeed cited, SFAS No. 5 in its previous Opinion. See In re SAIC, Inc., 2014 U.S. Dist. LEXIS 13629 at *9. Furthermore, despite Plaintiffs' assertion to the contrary, the Complaint did not state an "exposure to loss" claim based on outstanding receivables. (Pls.' Reply Mem. Law at 4; see also Compl. ¶ 57.)  The Court finds that, like the trial material, Appendix A to SFAS No. 5 is not new evidence, and Plaintiffs' arguments based on "the Collectibility of Receivables" pursuant

to it could have been made prior to this Motion and entry of
Judgment. (Pls.' Mem. Law at 10-11.)

Plaintiffs also contend that the January 2014 Opinion was
mistaken.  According to Plaintiffs, the Court committed clear
error, in fact and law, when it found that Plaintiffs failed to
properly allege a violation of the SFAS No. 5 and Item 303, and
that Plaintiffs inadequately pleaded scienter. (See Pls.' Mem.
Law at 6-7, 15, 16, 19.)  Their arguments, however, are no
different than those considered previously.  So, while the Second
Circuit has "established a principle that Rule 60(b)(1) [is]
available for a district court to correct legal errors by the
court," Gey Assocs. Gen. P'ship v. 310 Assocs., 346 F.3d 31, 35
(2d Cir. 2003)(citing Schildhaus v. Moe, 335 F.2d 529 (2d Cir.
1964)), and "implicitly extended th[e] rule to the correction of
mistakes of fact," id. (citing Cappillino v. Hyde Park Cent. Sch.
Dist., 135 F.3d 264 (2d Cir. 1997), neither of those situations
is the before the Court.  Nor have Plaintiffs demonstrated that
"there has been a change in controlling law." King County v. IKB
Deutsche Industriebank AG, 863 F. Supp. 2d 317, 319 (S.D.N.Y.
2012).  Therefore, the Court rejects Plaintiffs' claims for the
very same reasons set out in the January 2014 Order.

This case is unusual in that the Defendant's Motion to
Reconsider was granted in the first place.  However, the Opinion

granting that Motion was warranted because the facts and law required it.  Upon consideration of the submissions, the Court declines to review a rehashing of the same facts, and has no basis for sustaining this action on the basis of the same. Because Plaintiffs have failed to make the requisite "showing of exceptional circumstances," <u>Lesch v. United States</u>, 372 Fed. App'x 182, 183 (2d Cir. 2010)(citing <u>Pichardo v. Ashcroft</u>, 374 F.3d 46, 55 (2d Cir. 2004)), their Motion must be, and HEREBY is, DENIED.

  C. Motion for Leave to Amend

  "A plaintiff need not be given leave to amend if it fails to specify either to the district court or to the court of appeals how amendment would cure the pleading deficiencies in its complaint." <u>TechnoMarine SA v. Giftports, Inc.</u>, 2014 U.S. App'x LEXIS 13487, *30 (2d Cir. 2014)(citing <u>City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG</u>, 752 F.3d 173, 188 n.71 (2d Cir. 2014).  Furthermore, "[a]s a procedural matter, '[a] party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to [Rules] 59(e) or 60(b).'" <u>Williams v. Citigroup Inc.</u>, 659 F.3d 208, 213 (2d Cir. 2011)(citing <u>Ruotolo v. City of New York</u>, 514 F.3d 184, 191 (2d Cir. 2008).  However, "[u]nless there is a valid basis to

vacate the previously entered judgment, it would be contradictory to entertain a motion to amend the complaint." National Petrochemical Co. v. The M/T Stolt Sheaf, 930 F.2d 240, 245 (2d Cir. 1991).

Plaintiffs seek to amend their pleadings to broaden the class period and, thus, revive the previously dismissed claims. (See SACAC ¶ 1.)  They make this Motion despite not having amended the Complaint at the Court's invitation. In re SAIC, Inc., 2013 U.S. Dist. LEXIS 142606, at *50-51; See State Trading Corp. of India v. Assuranceforeningen Skuld, 921 F.2d 409, 418 (2d Cir. 1990)("When the moving party has had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave, a court may exercise its discretion more exactingly.").  Further, Plaintiffs' SACAC does not establish "that SAIC knowingly or recklessly made false and material misleading statements and omissions during the Class Period." (Pls.' Reply Mem. Law at 9.)  In fact, it is still marred by hindsight pleading and speculation, providing nothing that would change the outcome of the case.  Because "plaintiff[s] are unable to demonstrate that [they] would be able to amend [the] complaint in a manner which would survive dismissal, opportunity to replead [was] rightfully denied." Hayden v. Cnty. of Nassau, 180 F.3d 42, 53-54 (2d Cir. 1999); see also Betts v. Shearman, 751 F.3d 78, 86

(2d Cir. 2014)("[T]he district court [does] not abuse its discretion [where] any amendment to the complaint on the claims . . . would be futile.").  Therefore, Plaintiffs' request for leave to amend the Complaint is DENIED.


III. CONCLUSION

    For the reasons stated herein, Plaintiffs' Motions are DENIED.


    SO ORDERED.

    Dated:     September 30, 2014
               New York, New York


                                        _Deborah A. Batts_
                                        Deborah A. Batts
                                   United States District Judge