USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___6/29/20___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- x

In re SAIC, INC. SECURITIES LITIGATION :    Master File No. 1:12-cv-01353-GHW

  :

-------------------------------------------------    :    <u>CLASS ACTION</u>

  :

This Document Relates To:    :    ORDER AND FINAL JUDGMENT

  :

    ALL ACTIONS.    :

  :

------------------------------------------------- x

On the 26th day of June, 2020, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Amended Stipulation of Settlement dated June 26, 2019 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against the Defendant in the complaint now pending in this Court under the above caption (the "Litigation"), including the release of the Released Persons, and should be approved; (2) whether judgment should be entered dismissing the complaint on the merits and with prejudice in favor of the Defendant herein and as against all persons or entities who are Members of the Class herein who have not timely and validly requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the Members of the Class; and (4) whether and in what amount to award costs and expenses incurred in prosecuting this Litigation to Lead Plaintiffs' Counsel and/or Lead Plaintiffs. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all individuals and entities, reasonably identifiable, who purchased or otherwise acquired SAIC, Inc. common stock during the period between March 25, 2011 and June 2, 2011, inclusive (the "Class Period"), as shown by the records compiled by the Claims Administrator in connection with its mailing of the Notice of Proposed Settlement of Class Action, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published pursuant to the Order Preliminarily Approving Settlement and Providing for Notice as set forth in the Declaration of Carole K. Sylvester, and the Declaration of Ross D. Murray; and the Court having considered and determined the fairness and reasonableness of the award of expenses requested by Lead Plaintiffs' Counsel and Lead Plaintiffs; and all capitalized terms used herein having the meanings set forth and defined in the Stipulation.

- 1 -

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    The Court has jurisdiction over the subject matter of this Litigation, the Lead Plaintiffs, all Class Members and Defendant.

2.    For purposes of the Settlement only, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that:  (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Lead Plaintiffs are typical of the claims of the Class they seek to represent; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Members of the Class predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, this Court hereby certifies this action as a class action on behalf of all Persons who purchased or otherwise acquired SAIC common stock between March 25, 2011 and June 2, 2011, inclusive.  Excluded from the Class are:  the Former Defendants, the officers and directors of Leidos, formerly SAIC, during the Class Period, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendant or the Former Defendants have or had a controlling interest.  By definition, also excluded from the Class are any Class Members who have validly and timely requested exclusion in accordance with the requirements set by the Court, of which there are none.

4.    Notice of the pendency of this Litigation as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort.  The

form and method of notifying the Class of the pendency of this Litigation as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, due process and any other applicable law, constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all individuals and entities entitled thereto.

5.     The Settlement is approved as fair, reasonable, adequate, and in the best interests of the Class.  Subject to the terms and provisions of the Stipulation and the conditions therein being satisfied, the parties are directed to consummate the Settlement.

6.     The Litigation is hereby dismissed in its entirety with prejudice, without costs as to Defendant, except as and to the extent provided in the Stipulation.

7.     The releases as set forth in ¶¶5.1-5.4 of the Stipulation (the "Releases"), together with the definitions contained in ¶¶1.1-1.29 relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date.

8.     Upon the Effective Date, Lead Plaintiffs and each of the Class Members who have not timely opted out of the Class ("Class Releasors") are hereby permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against Defendant or any Released Persons in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims), as well as any other claims arising out of, relating to or in connection with, the defense, settlement, or resolution of the Litigation or the Released Claims.

9.     Upon the Effective Date, Lead Plaintiffs shall, and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released,

relinquished and discharged all Released Claims against the Released Persons. Lead Plaintiffs and each Class Member are bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation. The Released Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Persons on the merits and with prejudice by virtue of the proceedings herein and this Judgment.

10.     Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged Lead Plaintiffs, each and all of the Class Members, and Lead Plaintiffs' Counsel from all claims (including, without limitation, Unknown Claims) arising out of, relating to or in connection with the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Defendant's Claims.

11.     Neither this Judgment, the Stipulation nor any of its terms and provisions, nor any of the negotiations, discussions, or proceedings connected with it, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, nor any of the documents or statements referred to therein nor any payment or consideration provided for therein, shall be:

(a)     offered or received against the Released Persons as evidence of or construed as or deemed to be evidence of any presumption, concession or admission by any of the Released Persons with respect to the truth of any fact alleged by the Lead Plaintiffs or the validity of any claim that has been or could have been asserted in this Litigation, or the deficiency of any defense that has been or could have been asserted in this Litigation or of any liability, negligence, fault or wrongdoing of the Released Persons;

- 4 -

(b)      offered or received against the Released Persons as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Persons;

(c)      offered or received against the Released Persons as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Released Persons, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the Released Persons may refer to it to effectuate the liability protection granted them hereunder;

(d)      construed against the Released Persons as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e)      construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or any of the Class Members that any of their claims are without merit, or that any defenses asserted by the Released Persons have any merit or that damages recoverable under the complaint would not have exceeded the Settlement Fund.

12.     Notwithstanding the provisions of the preceding paragraph, the Released Persons may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense, claim or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.     The Court finds that Defendant has satisfied its financial obligations under the Stipulation by paying or causing to be paid $6,500,000 to the Settlement Fund.

- 5 -

14.     The Court finds and concludes that the Lead Plaintiffs, Lead Plaintiffs' Counsel, Defendant and counsel to the Defendant have complied with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, dispositive motion or other filing.

15.     Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.  Separate orders shall be entered regarding approval of a plan of allocation and Lead Counsel's and/or Lead Plaintiffs' application for an award of costs and expenses.

16.     Any appeal or any challenge affecting the approval of (a) the Plan of Allocation submitted by Lead Counsel and/or (b) the Court's approval of any cost and expense applications shall in no way disturb or affect the finality of the other provisions of this Judgment nor the Effective Date of the Settlement.

17.     Jurisdiction is hereby retained over the Defendant, the Lead Plaintiffs and the Class Members for all matters relating to the administration, interpretation, effectuation or enforcement of the Stipulation and this Judgment, including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Members of the Class.

18.     In the event that the Settlement does not become Effective in accordance with the terms of the Stipulation, or is terminated pursuant to ¶8.3 of the Stipulation, ¶¶8.5-8.6 of the Stipulation shall apply and this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and may not be introduced as evidence

or reflected in any action or proceeding by any person or entity, and each party shall be restored to his, her or its respective position as it existed prior to September 14, 2017.

19.     Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

20.     Defendant has provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. §1715.

21.     There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

DATED:   June 29, 2020

_____
THE HONORABLE GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE